UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY AWREY,

          Plaintiff,

v.                                                   Case Number 10-14242-BC
                                                  Honorable Thomas L. Ludington

ERIC R. GILBERTSON, MIKE WATSON,
ROBERT MAUROVICH, and SAGINAW
VALLEY STATE UNIVERSITY,

          Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

        Plaintiff Randy Awrey filed a complaint against Defendant Saginaw Valley State University ("SVSU" or "the university") and three individual defendants on October 22, 2010, alleging that his constitutional right to due process was violated when his employment with the university ended. Plaintiff is the former head football coach at SVSU. The other named defendants are Eric Gilbertson, the university's president; Mike Watson, the university's athletic director; and Robert Maurovich, the university's former vice president of student affairs.

        According to the Defendants, Plaintiff's employment agreement with SVSU was not renewed after an internal investigation confirmed that Plaintiff had violated the National Collegiate Athletic Association's ("NCAA") rules. Plaintiff, by contrast, contends that he complied with all NCAA rules, and that the employment agreement had automatically renewed before the decision to end his employment was made. In his view, the university's decision to terminate his employment constituted a breach of his employment agreement. In a separate jury trial in Saginaw County

Circuit Court, the jury agreed, in part, with Plaintiff, concluding that he had not violated NCAA rules. Nevertheless, the jury declined to award additional contract damages because it further determined that the employment agreement did not automatically renew and that SVSU was entitled to end Plaintiff's employment. [Dkt. # 15-A].[1]

Plaintiff alleges in his complaint that SVSU violated his constitutional right to due process when it ended his employment. *See* U.S. Const. amend. XIV; 42 U.S.C. § 1983. Plaintiff contends that he has a constitutionally protected property interest in his continued employment and a liberty interest in his reputation. He alleges that SVSU deprived him of his property interest without due process, and that SVSU deprived him of his liberty interest when the university declined to provide a name-clearing hearing before terminating the contract. Defendants acknowledge that Plaintiff's employment was ended, but contend that they complied with the requirements of the Constitution. They further contend that SVSU and the officials identified in the complaint cannot be sued in their official capacity in federal court because they are entitled to Eleventh Amendment immunity.

Defendants' motion for judgment on the pleadings will be granted, and Plaintiff's complaint will be dismissed with prejudice. As Plaintiff now admits, he did not have a protected property interest in his continued employment. Moreover, Defendants provided Plaintiff with a name-clearing hearing promptly after he requested the hearing, which is what the Constitution requires to protect an individual's liberty interest in his reputation. Finally, it is unnecessary to consider

---

[1] When considering a motion for judgment on the pleadings, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). This court can take judicial notice of the verdict form as an official record of another court, particularly where neither party disputes the accuracy of the record. *See* Fed. R. Evid. 201.

Defendants' arguments with respect to Eleventh Amendment immunity because of the Court's decision that Plaintiff's claims should be dismissed on the merits.

**I**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. Fed. R. Civ. P. 12(b)(6) & (c).

"While a complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555–56 (citations omitted). "To survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**II**

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005). To prevail on his due process claims, Plaintiff must demonstrate that he possessed a constitutionally-protected property or liberty interest. *See, e.g.*, *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006).

**A.**

The Constitution does not create or define the property interests it protects. *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002). Rather, whether a plaintiff holds a protected property interest depends on "existing rules or on understandings that stem from an independent source, such as state law. . . ." *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Generally, to create a constitutionally-protected interest, a person must have a "legitimate claim of entitlement." *Roth*, 408 U.S. at 577. In the employment context, "[a] property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 566 (6th Cir. 2004). If a protected property interest exists, "the employee must be given notice of the charges against him, an explanation of the employer's evidence, and a chance to present his side of the story." *Id.* at 566.

In his complaint, Plaintiff alleged that he had a protected property interest in his continued

employment. He alleged that the contract automatically renewed before SVSU decided to end his employment. At a March 2011 jury trial in Saginaw County Circuit Court, however, the jury concluded otherwise. When asked whether "Randy Awrey prove[d] that his contract with [SVSU] extended beyond December 31, 2007," the jury answered "No." [Dkt. # 15-A]. As Plaintiff now admits, the "property [interest] claim has been settled in a jury trial in state court." Accordingly, the property interest claim will be dismissed.

**B.**

"A person's good name, reputation, honor, and integrity are among the liberty interests protected by the Due Process Clause of the Fourteenth Amendment." *Manning v. City of Hazel Park*, 509 N.W.2d 874, 879 (Mich. Ct. App. 1993) (citing *Roth*, 408 U.S. at 573); *see also Burkhart v. Randles*, 764 F.2d 1196, 1201 (6th Cir. 1985) (concluding that a person's liberty interest in her "reputation and good name" are "well established"). "To establish a liberty interest, the employee must show conduct of the governmental employer that might seriously damage the employee's standing and associations in the community or that imposes a stigma or other disability that denies the employee the freedom to take advantage of other employment opportunities." *Manning*, 509 N.W.2d at 879. A liberty interest is established if a plaintiff proves five elements:

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment. Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance . . . Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against him were false. [Fifth], the public dissemination must have been voluntary.

*Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997) (citations omitted).

"If the above requirements are met, the employee is entitled to notice and an opportunity to be heard through a name-clearing hearing, when plaintiff has made a request for such a hearing."

*Id.* (citations omitted). "It is the denial of the name-clearing hearing that causes the deprivation of the liberty interest without due process." *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002) (citing *Brown v. City of Niota*, 214 F.3d 718, 723 (6th Cir. 2000)).

Here, even if Plaintiff can establish the five elements of a liberty interest claim under *Ludwig*, 123 F.3d at 410, the liberty interest claim must be dismissed because he did not plead, and apparently cannot prove, that he requested and was denied a name-clearing hearing. *See Quinn*, 293 F.3d at 320 (" 'In order to succeed on his liberty interest claim, [plaintiff] must also prove that [defendant] improperly refused to grant him a post-removal opportunity to refute the false charges that led to his removal . . . .' " (quoting *Baden v. Koch*, 799 F.2d 825, 830 (2d Cir. 1986) (alterations in original)). As Plaintiff admitted in his complaint, he requested a name-clearing hearing after SVSU declined to renew his contract. Pl.'s Compl. ¶ 65. The university agreed to provide the hearing and it was conducted on December 8, 2010. [Dkt. # 10-B, 10-C]. By providing the hearing at Plaintiff's request, SVSU complied with the Constitution's procedural requirements.

Although Plaintiff admits that SVSU provided the name-clearing hearing at his request, he presents several alternative theories as to how Defendants violated his liberty interest in his good name and reputation. First, Plaintiff alleges that a "hearing"[2] scheduled for October 29, 2007, two months before the contract ended, was abruptly canceled by the university without an explanation. Pl.'s Compl. ¶ 36. Plaintiff does not allege, however, that he requested a name-clearing hearing before October 29 or that the university refused to provide a hearing at his request. Plaintiff has not identified any authority to support his assertion that the university was required to offer a name-

---

[2] Defendants contend that the "hearing" was actually a private meeting involving Plaintiff, his attorney, an independent auditor, and SVSU's attorney. At this stage of the case, all of the allegations in Plaintiff's complaint are assumed to be true. *See Iqbal*, 129 S. Ct. at 1949.

clearing hearing or schedule such a hearing sua sponte. It is the denial of a public employee's post-removal request for a name-clearing hearing that violates the Due Process Clause; where there is no denial, there is no constitutional violation. *Quinn*, 293 F.3d at 320 (citations omitted).[3]

Plaintiff also argues that requesting a name-clearing hearing would have been "futile" after SVSU canceled the October 29 hearing and then encouraged Plaintiff to sign a false affidavit and resign his employment. Pl.'s Compl. ¶ 43. While it certainly may be true that the hearing would not have resulted in a change of SVSU's position regarding whether to renew his contract, the hearing would nevertheless have provided Plaintiff an opportunity to clear his name. A name-clearing hearing, as the name implies, is a chance for a public employee to clear his name after the employment relationship ends. *See Ludwig*, 123 F.3d at 410. Although it is certainly possible a public employer may reconsider its decision following such a hearing, the Constitution does not require reconsideration. Moreover, Plaintiff has not identified any legal authority suggesting that prospective plaintiffs are not required to request a name clearing hearing if they can demonstrate that their request would be futile. Accordingly, the liberty interest claim will also be dismissed.

Plaintiff devotes a substantial amount of space to a detailed explanation of how he thinks he was wronged by SVSU. Plaintiff adamantly denies having violated any NCAA rules, and complains that Defendants "1) refuse to admit their errors, mistakes and conclusions, 2) refuse to present to the NCAA proper conclusions, and 3) refuse to revoke and correct the original report and investigation." The Constitution does not require, however, that Defendants admit their alleged errors or correct

---

[3] Notably, the October 29 hearing was scheduled to occur one month before Plaintiff was relieved of his duties as head football coach and the self-report outlining the alleged violations of NCAA rules was released. Pl.'s Compl. Ex. 2. Thus, the stigmatizing statements of which Plaintiff complains had not been made public at that point and Plaintiff was not entitled to a hearing at that time, even if there was a request for a hearing. *See Ludwig*, 123 F.3d at 410.

what Plaintiff believes is a faulty report. Rather, the Constitution requires that upon Plaintiff's request, Defendants provide notice and a public hearing where Plaintiff has an opportunity to respond and clear his name. Plaintiff was provided the hearing on December 8, 2010; nothing more is required by the Constitution.

### III.

Accordingly, it is **ORDERED** that Defendants' motion for judgment on the pleadings [Dkt. # 10] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice.

It is further **ORDERED** that the hearing scheduled for June 7, 2011 at 3:30 p.m. was canceled based on the Court's determination that additional information and argument were unnecessary to the resolution of the pending motion. *See* E.D. Mich. L.R. 7.1(f).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 9, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---